UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY EUGENE BENJAMIN,

     Plaintiff,

   v.

HUDSON COUNTY
CORRECTIONS et al.,

     Defendants.

Civil Action No. 09-6055 (PGS)

**MEMORANDUM OPINION AND ORDER**

IT APPEARING THAT:

1. On November 25, 2009, the Clerk received and docketed Plaintiff's civil complaint and an application to proceed in this matter in forma pauperis. See Docket Entry No. 1.  The complaint was dated October 23, 2009, See Docket Entry No. 1, at 8.[1]

2. In light of the deficiencies of Plaintiff's in forma pauperis application, the Clerk mailed a notice to that effect to Plaintiff.  The Clerk's mailing was sent to the address stated in Plaintiff's initial submission.

3. On December 11, 2009, the Clerk's mailing was returned as undeliverable.  See Docket Entry No. 2.  The return

---

[1] For the purposes of this Memorandum Opinion and Order only, the Court presumes – without making a factual finding, that Plaintiff handed his instant complaint to his prison officials on the date of his execution of the complaint, i.e., on October 23, 2010, even though the Clerk received the complaint more than one month later.

information stated that Plaintiff was discharged from his place of confinement. See id. The Clerk received no communication from Plaintiff until April 12, 2010. See Docket Entry No. 4.

4. Since Plaintiff did not comply with Local Civil Rule 10.1(a) that requires unrepresented parties to advise the Court of any change in address within five days, the Court – on March 29, 2010 – directed the Clerk to administratively terminate this matter, with which the Clerk duly complied. See Docket Entry No. 3.

5. On April 12, 2010, the Clerk received a letter from Plaintiff, see Docket Entry No. 4, asserting that:

   a. Plaintiff submitted his complaint while being incarcerated but,

   b. shortly thereafter, was released from confinement, which resulted in non-delivery of the Clerk's mailing; in realization of likelihood of such non-delivery,

   c. Plaintiff attempted to notify the Clerk by appearing in person at the courthouse but was unable to do so due to lack of any documents identifying Plaintiff, and thus

   d. Plaintiff made a phone call to some person in the courthouse (whose identity the Court cannot establish) notifying that person of Plaintiff's mailing address changed upon Plaintiff's release from confinement, but

e.   that new address (of which Plaintiff notified that unspecified courthouse employee) became anyway invalid upon Plaintiff's re-incarceration, which placed Plaintiff, again, in the very same facility where Plaintiff was incarcerated at the time of his submission of the complaint; yet

f.   Plaintiff was expecting to be released from that re-incarceration on or about April 10, 2010, and – upon such release – was expecting to resume residing at the same civilian address where he was residing during the time when the Clerk's mailing was rejected by the correctional facility which, apparently, has been Plaintiff's alternative place of residence, intermittently, from at least May 2007 and until now. See Docket Entry No. 4.

6.   In light of the uncertainties as to Plaintiff's prisoner status, Plaintiff's case posed a problem for the purposes of his in forma pauperis status, since the consequences of applying for in forma pauperis status are different with regard to incarcerated and non-incarcerated individuals. The Court, therefore, not being in the position to predict the pattern of Plaintiff's anticipated release and potential future re-incarceration, found it prudent to leave the election to Plaintiff as to the issue in which capacity (i.e., as an incarcerated or non-incarcerated individual) Plaintiff

3

wished to proceed in this matter. See Docket Entry No. 7 (directing Plaintiff to advise the Court of the capacity in which Plaintiff was proceeding).

7. In response, Plaintiff informed the Court that he wished to proceed in this matter as an incarcerated individual. See Docket Entry No. 8. Plaintiff accompanied his notice of such election with his duly executed in forma pauperis application.

8. The Court, therefore, directed the Clerk to reopen this matter. See Docket Entry No. 10.

9. Plaintiff's in forma pauperis application qualifies Plaintiff to proceed in this matter without prepayment of filing fee. However, Plaintiff's complaint is subject to dismissal.

   a. Plaintiff asserts that he was admitted to a county jail on May 22, 2007. See Docket Entry No. 1, at 6. Plaintiff alleges that, on the next day (i.e., on May 23, 2007), Plaintiff was stopped (while he was on his way to the courthouse) and strip-searched by Sergeant Nostrum on suspicion of contraband. See id. Plaintiff also alleges that, during that search, Plaintiff was sexually assaulted by Sergeant Nostrum. See id. Plaintiff seeks, as a remedy, an order preventing Sergeant Nostrum from any employ "in this County or any other County," as well as monetary damages for pain and suffering that Plaintiff experienced during the alleged "reconstructive surgery of

[his] rectum," which took place – somehow – on October 6, 2009, that is, two and a half years after the alleged sexual assault. Id. at 7.

b.  Plaintiff's allegations are deficient on many levels. For instance, Plaintiff's challenges against "Hudson County Corrections" are subject to dismissal if the Court were to read these challenges as claims against the Department of Corrections, since the Department is not a person within the meaning of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983). Alternatively, if the Court were to construe these challenges as claims against the County, these claims are subject to dismissal as based solely on the respondeat superior theory. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009). In addition, allegations of strip-search based on suspicion of contraband are also subject to dismissal, since a suspicion-based search does not violate the rights of pre-trial detainees and prisoners, see Hudson v. Palmer, 468 U.S. 517, 530 (1984); see also Lewis v. Casey, 518 U.S. 343, 361-62 (1996); Storms v Coughlin, 600 F. Supp. 1214, 1220-24

5

(S.D.N.Y. 1984); accord Lucero v. Gunter, 17 F.3d 1347,
1350 (10th Cir. 1994) (collecting cases), and – moreover
– even a blanket strip-search policy conducted without
any suspicion is also constitutional.  See Florence v.
Bd. of Chosen Freeholders of Burlington, 621 F.3d 296 (3d
Cir. 2010).   Thus, all claims other than Plaintiff's
claim against Sergeant Nostrum based on the alleged
sexual assault are subject to dismissal regardless of
timeliness or untimeliness of the complaint.

c.   Furthermore, this last line of claims (asserting Sergeant
Nostrum's sexual assault) is, too, subject to dismissal
since the complaint – even if presumed handed to
Plaintiff's prison officials for mailing to the Court on
October 23, 2009 – is facially untimely with regard to
the alleged events that took place on May 23, 2007.  The
statute of limitations on civil rights claims is governed
by New Jersey's two-year limitations period for personal
injury.  See Goodman v. Lukens Steel Co., 482 U.S. 656,
661-62 (1987); Wilson v. Garcia, 471 U.S. 261, 276
(1985); O'Connor v. City of Newark, 2006 WL 590357 *1 (3d
Cir. March 13, 2006); Montgomery v. De Simone, 159 F.3d
120, 126 (3d Cir. 1998); Cito v. Bridgewater Township
Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).   New
Jersey's statute of limitations for personal injury

6

claims requires that "an action for an injury to the
person caused by a wrongful act, neglect, or default,
must be convened within two years of accrual of the cause
of action." Cito, 892 F.2d at 25 (quoting Brown v.
Foley, 810 F.2d 55, 56 (3d Cir. 1987)). Under federal
law governing the accrual of claims, "the limitations
period begins to run from the time when the plaintiff
knows or has reason to know of the injury which is the
basis of the section 1983 action."[2] Montgomery, 159 F.3d

_____

[2]  "Equitable tolling functions to stop the statute of
limitations from running where the claim's accrual date has
already passed." Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir.
1994). "Generally, a litigant seeking equitable tolling bears
the burden of establishing two elements:  (1) that he has been
pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way." Pace v. DiGuglielmo, 125 S. Ct.
1807, 1814 (2005).  The Third Circuit instructs that equitable
tolling is appropriate when "the principles of equity would make
the rigid application of a limitation period unfair, such as when
a [plaintiff] faces extraordinary circumstances that prevent him
from filing a timely [complaint] and the [plaintiff] has
exercised reasonable diligence in attempting to investigate and
bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d
Cir. 2005).  Mere excusable neglect is not sufficient. Id.;
Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v.
N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998);
Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Extraordinary
circumstances have been found where (1) the defendant has
actively misled the plaintiff, (2) the plaintiff has in some
extraordinary way been prevented from asserting his rights, (3)
the plaintiff has timely asserted his rights mistakenly in the
wrong forum, see Jones, 195 F.3d at 159, or (4) the court has
misled a party regarding the steps that the party needs to take
to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d
Cir. 2005). Here, Plaintiff's extensive back-and-forth
communications with this Court - same as Plaintiff's complaint -
did not state any basis for consideration of equitable tolling.

at 126 (quoting <u>Genty v. Resolution Trust Corp.</u>, 937 F.2d 899, 919 (3d Cir. 1991)); <u>see also</u> <u>Sameric Corp. of Delaware, Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998). Since Plaintiff's challenges are based on the events that took place two years and five months prior to his execution of the complaint, and the complaint: (i) is wholly silent as to the events that might qualify as grounds for equitable tolling; and (ii) indicates that Plaintiff was free to initiate legal proceedings (granted the fact that he initiated grievance proceedings with the prison internal affairs long before submitting his instant complaint, <u>See</u> Docket Entry No. 1, at 5), it appears that Plaintiff has no basis for equitable tolling.  <u>See</u> <u>id.</u> at 5.  Therefore, all Plaintiff's are subject to dismissal as time barred.

IT IS on this _____ day of_____, 2010,

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that Plaintiff's application to proceed in this matter <u>in forma pauperis</u> is granted, and Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and on the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that the complaint is dismissed. Such dismissal is with prejudice as to all Plaintiff's claims except for his allegations based on sexual assault that seek monetary relief.[3] Plaintiff's allegations based on sexual assault that seek monetary relief are dismissed without prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"; and it is finally

---

[3]  Plaintiff's claims seeking an order preventing any Sergeant Nostrum from any particular (or all) current/future employs falls outside the range of remedies that can be granted by this Court.

ORDERED that Plaintiff may have this matter reopened in the event Plaintiff files with the Clerk, within thirty days from the date of entry of this Memorandum Opinion and Order, a written statement explaining, in detail, the extraordinary circumstances that prevented Plaintiff from initiation of this action during the entire period from May 23, 2007, and to October 23, 2009.

1/4/11

_____
Peter G. Sheridan,
United States District Judge

10